IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------------  :
   UNITED STATES OF AMERICA                             :   CASE NO.  1: 06 CR 367
                                                        :
                                          Plaintiff     :
                                                        :   ORDER DENYING MOTION FOR
                        -vs-                            :   RELEASE PENDING APPEAL
                                                        :
                                                        :
   FAYEZ "ALEX" DAMRA,                                  :
                                                        :
                                          Defendant,    :
------------------------------------------------------  :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Pursuant to a finding of guilty by a jury of his peers on a two-count Indictment, Fayez "Alex" Damra ("Mr. Damra") was sentenced on 21 October 2008 to a term of 21 months on each of two Counts, to be served concurrently, for conspiracy to defraud the United States, and for attempted tax evasion, in violation of 18 U.S.C. § 371 and 26U.S.C. § 7201, respectively.  (Docs. 116, 117, 121).  Mr. Damra also received three years of supervised release, an assessment of $200.00, a fine of $50,000, and was ordered to pay restitution of $274,389.00.  (Doc. 116).  Appearing *pro-se* at his sentencing hearing, as he did at his trial, Mr. Damra noticed the Court that he would appeal the Judgment and requested that his incarceration begin as soon as possible. (Doc. 118).  Mr. Damra paid all assessment, fine, and restitution sums on 21 October 2008.  Currently, Mr. Damra is scheduled to self-surrender to the U.S. Marshal's Service

on 25 November 2008 to begin his 21 month term of custody.

Mr. Damra has now retained counsel and seeks release on bond pending his appeal to the Sixth Circuit Court of Appeals.  (Doc. 123).  The government timely opposed the motion on 21 November 2008.  (Doc. 125).  The issue is now ripe for consideration.

The terms of Mr. Damra's request for release pending appeal are governed by 18 U.S.C. § 3143(b)(1), which explains:

> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > > (i) reversal,
> > > (ii) an order for a new trial,
> > > (iii) a sentence that does not include a term of imprisonment, or
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title.

This statute creates a presumption against release pending appeal.  United States v. Vance, 851 F.2d 166, 168- 69 (6th Cir.), cert. denied, 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 220 (1988).

In this instance, the sole issue for the Court is whether Mr. Damra's appeal raises a substantial issue for purposes of release under the bail statute. "[A]n appeal raises a substantial question when the appeal presents a close question or one that

2

could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir. 1985).  As this Circuit has acknowledged in Pollard where, as in this instance, " the district court is familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal."  Pollard, 778 F.2d at 1182.

Reviewing Mr. Damra's request for release pending appeal under the criteria enumerated in § 3143(b)(1)(B) requires the Court to "essentially evaluate the difficulty of the question [it] previously decided."  United States v. Shoffner, 791 F.2d 586, 589 (7th Cir.1986).  Each of the eight issues Mr. Damra raises in his motion before the Court – from jury instruction issues, to the application of United States v. Minarik, 875 F.2d 1186 (6th Cir. 1989) – have been exhaustively reviewed by the Court and denied as not raising substantial questions of law.  The merit of Mr. Damra's issues were addressed in the Court's Order of 25 October 2007, denying Mr. Damra's motion for a new trial and in the Court's Order of 12 September 2008, denying Mr. Damra's motion to dismiss the indictment and to reconsider his motion for a new trial.  (Docs. 103, 114).

This Court concludes that, while he does not pose a flight risk or threat to the safety of the community, Mr. Damra is not entitled to release on bond pending appeal. Mr. Damra's appeal does not raise a substantial question of law or fact likely to result in reversal, an order for a new trial, or a reduction in sentence.  Accordingly, the Court denies Mr. Damra's motion for release on bond pending appeal.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 24 November 2008